# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara L. Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

January 13, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2025

**Via ECF**
Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. Nicole Torres**, 24 Cr. 499 (MKV)

Dear Judge Vyskocil:

I write to request a modification of Ms. Torres' conditions of pretrial release to permit her to use medical marijuana as recommended by her medical provider and pursuant to a Certification by the New York State Office of Cannabis Management.

At the status conference in this case on December 18, 2024, the Court indicated that if proper certification is provided to Pretrial Services, the Court would consider granting such an application.[1] In December of 2024, Ms. Torres was

---

[1] Many courts have specifically authorized the use of medical marijuana for defendants on supervision (on bail and supervised release) in this District and in the Eastern District. See, e.g., United States v. Horn, 24 Mag. 636, Dkt. No. 15 (S.D.N.Y. April 4, 2024) (Tarnofsky, M.J.) (permitting defendant to use medical marijuana while on bail); United States v. Jenkins, 22 Cr. 401 (Broderick, D.J.) (S.D.N.Y. Jan. 9, 2024) (permitting defendant to use medical marijuana while on bail); United States v. Cruz, 19 Cr. 770, Dkt. No. 50 (S.D.N.Y. Jun. 2, 2023) (Furman, D.J.) ("Defendant's supervised release terms are modified to permit him to use medical marijuana pursuant to a valid New York State prescription"); United States v. Vax, 22 Cr. 324, Dkt. No.  (E.D.N.Y. Feb. 1, 2023) (ordering defendant's marijuana use shall not constitute grounds for revoking bail); United States v. Sanchez, 19 Cr. 820, Dkt. No. 64 (S.D.N.Y. Nov. 7, 2022) (Abrams, D.J.) (ordering that the defendant "may use marijuana so long as he maintains enrollment in the medical marijuana program and provides his Probation Officer with proper authorization"); United States v. Torres, 21 Cr. 633, Dkt. No.  (E.D.N.Y. Aug. 12, 2022) (Kovner, D.J.) (permitting use of medical marijuana on pretrial release); United States v. Hernandez, 19 Cr. 97, Dkt. No. 76 (S.D.N.Y. Mar. 14, 2022) (Rakoff, D.J.) (permitting the use of medical marijuana while on supervised release); United States v. Bahamundi, 21 Mag. 10085, Dkt. No. 4 (S.D.N.Y. Oct. 21, 2021) (McCarthy, M.J.) (including "the defendant may use medical

issued a Medical Cannabis Patient Certification by her medical provider who determined that, in light of Ms. Torres' medical conditions, she is "likely to receive therapeutic or palliative benefit from the primary or adjunctive treatment with medical cannabis for the condition." A copy of the Certification has been provided to Ms. Torres' Pretrial Officer.

If the Court grants this application, I request that the Court direct that Pretrial Services not charge a violation of Ms. Torres' release conditions based solely on New York state-approved medical cannabis use.[2]

Pretrial Services takes no position on this request. The Government opposes the application.

Respectfully Submitted,

/s/ Amy Gallicchio
_____
Amy Gallicchio, Esq.
Federal Defenders of New York
Tel: 917-612-3274

Cc: AUSA Rebecca Dell
AUSA Benjamin Burkett
PTSO Jazzlyn Harris

---

marijuana if he can show that [it] was prescribed by a licensed medical practitioner" as a bail condition); United States v. Rodriguez, 17 Cr. 281, Dkt. No. 42 (S.D.N.Y. Sept. 2, 2020) (Karas, D.J.) (permitting the use of medical marijuana while on supervised release).

[2] See United States v. Arizaga, No. 16 Cr. 89, 2016 WL 7974826, at *3 (S.D.N.Y. Dec. 22, 2016) (Swain, C.J.) (finding "that an appropriate set of conditions relating to the medical marijuana therapy can appropriately protect the public and the Defendant and facilitate effective supervision" and directing the "Pretrial Services Department not to charge a violation of Defendant's release conditions based solely on New York state-approved medical marijuana use or a drug-testing result consistent with New York state-approved medical marijuana usage" if certain conditions were met).

Defendant has provided the Court no evidence that her doctor or medical provider has approved of her medical use of marijuana. Accordingly, Ms. Torres's request is HEREBY DENIED without prejudice to renewal.
SO ORDERED.

Date: 1/28/2025
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge